**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION**

IN THE MATTER OF:

| | | |
|---|---|---|
| NAME: | BOGGS, JR. ANDREW MAX<br>BOGGS VIRGINIA ANN | CHAPTER 12 NO. 11-40473 |
| | | OUR FILE NO.  13181 |
| ADDRESS: | P. O. BOX 11<br>FALLSTON, NC 28042 | |
| SSN: | --- -- 8665 & --- -- 9487 | |
| | | DEBTOR(S). |

**MOTION FOR AUTHORITY TO SELL COMMERCIAL PROPERTY**

**COME NOW** the above-named Debtors, by and through their attorney of record, and respectfully move the Court pursuant to Sections 363 and 1329 of Title 11 of the United States Code, Rules 4001(c) and 9013 of the Rules of Bankruptcy Procedure, and Rule 9013-1 of the Local Bankruptcy Rules for the entry of an order allowing the Debtors to sell commercial property and in support hereof allege and say that:

1. This proceeding was commenced by the filing of a voluntary petition on July 27, 2011.

2. The 341(a) Meeting of Creditors was held on September 16, 2011.

3. The Chapter 12 plan has been confirmed by order of this Court.

4. The Debtors and Norris (deceased) and Sarah Boggs, as former partners in the A.M. Boggs and Sons Partnership (the "partners") own a convenience store, known as Store #1, located at 4904 Fallston Rd., Fallston, NC.

5. Bank of the Ozarks (as successor by merger to First National Bank of Shelby) holds the Note and first lien Deed of Trust on the property, recorded at Book 1577, Page 716 Cleveland County Registry, having a balance of approximately $280,518.86 as of March 2, 2015, with a per diem of $27.4185.  This Deed of Trust secures the property located at 4900-4904 Fallston Road, including Store #1, the Gin, barbershop, Jan's Restaurant and approximately 5.68 acres.

6. The  Debtors have received an offer to purchase Store #1 for the total sum of $365,000.00 from Italia & Shah, LLC and the closing is currently scheduled to occur on or before May 28, 2015. The Debtors are only selling the property consisting of approximately 1.25 acres at 4904 Fallston Road, including Store#1, the barbershop and Jan's Restaurant (collectively, Store #1).  The new plat for the acreage to be assigned is in the office for the attorney for the Debtors and available for inspection by any party.

7. The Deed of Trust identified herein in favor of the Bank of the Ozarks will be canceled and released as to all of the property secured by this Deed of Trust.  The Deed of Trust will be released by the bank upon payment in full of the note secured by the Deed of Trust.

8. The Debtors have reasonable need for this sale and are therefore moving this Court to approve the sale for the gross sum less payment in full to Bank of the Ozarks on the note and Deed of Trust identified herein, all outstanding ad valorem taxes, and any reasonable and necessary legal fees and closing costs.

9. The Debtors intend to pay their net share to the Chapter 12 Trustee to disburse to Bank of the Ozarks to apply to claims the bank has against the bankruptcy estate. The net share for the Estate of Norris Boggs will be paid directly to the Bank of the Ozarks to be applied against claims that the bank has against the Estate of Norris Boggs.

10. The Debtors hereby move this Court for approval of the sale as set forth in this motion.

11. The Debtors are also moving the court for approval of the Agreement for Purchase and Sale of Real Property attached hereto and incorporated herein by this reference.

12. The Debtors aver that the Agreement for Purchase and Sale of Real Property contract is subject to the approval of the United States Bankruptcy Court for the Western District of North Carolina upon proper notice to all parties and a court hearing. If this contract is approved by the court, then any breach of contract by the buyers will subject them to recovery of actual damages, punitive damages, costs and legal fees to be determined by the United States Bankruptcy Court, which the parties consent will have exclusive jurisdiction to resolve any matter or thing related to this contract.

13. The Debtors are also moving the Court for such other and additional relief as to the Court may seem just and proper.

**WHEREFORE,** the Debtors respectfully pray of the Court as follows:

A. That the motion for approval of the sale of the commercial property of the Debtors and A.M. Boggs and Sons partnership as set forth herein be granted and approved;

B. That the Debtors' attorney's fees and expenses be approved in the amount of $3,650.00 for the drafting and filing of the within motion, the Debtor's Motion for Authority to Sell Commercial Property (Docket Number 165); the Debtors' Motion to Set Aside Order on Prior Sale of Real Estate (Docket Number 170); the Debtor's Motion to Approve Amendment to Commercial Lease Agreement to be filed contemporaneously herewith; drafting the Agreement for Purchase and Sale of Real Property; and drafting the amended Commercial Lease Agreement with Italia & Shah, LLC; and

C. That the Debtors have such other and further relief as to the Court may seem just and proper.

This the 19th day of March, 2015.

*/s/ C. M. Gardner III*

_____
O. Max Gardner III
MaxGardnerLaw, PLLC
Attorney for the Debtors
N.C. State Bar #6164
P.O. Box 1000
Shelby, NC 28151-1000
PH (704) 487-0616/FAX (888) 870-1647
maxgardner@maxgardner.com

## AGREEMENT FOR PURCHASE AND SALE OF REAL PROPERTY

**THIS AGREEMENT** is made this ___9___ day of March 2015 by and between Italia & Shah Real Estate Holding, LLC, a North Carolina Limited Liability Company, and or assigns "**Buyer**" and Andrew Max Boggs Jr. and wife, Virginia Ann Boggs, or record owner, "**Seller**."

FOR AND IN CONSIDERATION OF THE MUTUAL PROMISES SET FORTH HEREIN AND OTHER GOOD AND VALUABLE CONSIDERATION, THE RECEIPT AND SUFFICIENCY OF WHICH ARE HEREBY ACKNOWLEDGED, THE PARTIES HEREBY AGREE AS FOLLOWS:

**Section 1. Terms and Conditions:** The terms listed below shall have the respective meaning given them as set forth adjacent to each term.

(a)     "Property" shall mean the property designated as 4904 Fallston Road, Fallston, NC, consisting of a one story brick building that includes a convenience store, restaurant, and barber shop, along with approximately 1.25 acres of land, as more particularly described in the survey of Keith F. Lackey, dated October 15, 2014, and fully incorporated herein by this reference, including gas pumps, and gas tanks used in connection with the operation of said businesses on said property.

(b)     "Purchase Price" shall mean the sum Three Hundred Sixty Five Thousand and 00/100 Dollars ($365,000.00), payable on the following terms:

    (i)     "Earnest Money" in the sum of Three Thousand Six Hundred Fifty and 00/100 Dollars ($3,650.00), payable to the order of Max Gardner Law PLLC IOLTA Trust Account upon execution of this Agreement.

(c)     "Closing" shall occur on or before 3:00 p.m. May 28, 2015, at the Law Offices of John V. Schweppe, Jr., in Shelby, North Carolina, or other location as agreed to by the parties.

(d)     "Examination Period" shall mean the period beginning upon execution of this contract by both parties and extending through 6:00 pm Charlotte, NC time on or before seven days before the closing, or May 22, 2015.

(e)     "Intended Use" shall mean the use of the Property for the following purpose:

    Gas Station/Convenience Store/Restaurant/Barber Shop

(f)     "Seller's Notice Address" shall be as follows:

    P.O. Box 35
    Fallston, NC 28042

    And to O. Max Gardner III, P.O. Box 1000, Shelby, NC 28151-1000.

    Except as the same may be changed pursuant to Section 10.

Page 1 of 5
Buyer Initials _____          Seller Initials _M.B._  _V.B._

(g)    "Buyer's Notice Address" shall be as follows:

2918 Laura Road
Shelby, NC 28150
Except as the same may be changed pursuant to Section 10.

**Section 2. Proration of Expenses and Payment of Costs**: Seller and Buyer agree that all property taxes, leases, rents, mortgage payments, home owners' association dues and utilities or any other assumed liabilities shall be prorated as of the date of Closing. The real estate taxes shall be prorated on a calendar year basis. Seller shall pay deed stamps and other conveyance fees or taxes, and Buyer shall pay recording costs, costs of any title search, title insurance, survey and all other fees from the closing attorney's office.

**Section 3. Sale of Property:** Seller agrees to sell the Property for the Purchase Price set forth on page 1.

**Section 4. Payment of Purchase Price:** Buyer shall pay the Purchase Price in accordance with all the terms and conditions of this contract.

**Section 5. Title:** Seller agrees to convey fee simple marketable and insurable title to the Property by general warranty deed, subject only to the exceptions hereinafter described. Seller represents and warrants that Seller is the fee simple owner of the Property, and at Closing, Seller shall deliver to Buyer good and marketable and insurable fee simple title to said property, free and clear of all liens, encumbrances and defects of title other than zoning ordinances affecting the Property, utility easements of record serving the Property, taxes not yet due and payable, road rights-of-way of record and those other encumbrances, reservations, restrictions and easements and other exceptions set forth below:

**Section 6. Conditions:** This Agreement and the rights and obligations of the parties under this Agreement are hereby made expressly conditioned upon fulfillment (or waiver by Buyer) of the following conditions:

(a) Title Examination: After the date of execution of this Agreement by Seller, Buyer shall, at Buyer's expense, cause a title examination to be made of the Property before the end of the Examination Period, as defined in Section 1 (d). In the event that such title examination shall show that Seller's title is not good, marketable, fee simple and insurable, then Buyer shall immediately notify the Seller in writing of all such title defects and exceptions as of the date Buyer learns of the title defects, and Seller shall have fifteen (15) days to cure said noticed defects. If Seller does not cure the defects or objections within fifteen (15) days of notice thereof, the Buyer may terminate this Agreement and receive a return of Earnest Money, if any, (notwithstanding that the Examination Period may have expired). If Buyer is to purchase title insurance, the insuring company must be licensed to do business in the state in which the Property is located. Title to the Property must be insurable at regular rates, subject only to standard exceptions and Permitted Exceptions.

(b) Intended Use: Seller represents and warrants that, to the best of Seller's knowledge, use of the Property for its Intended Use will not violate any private restrictions or governmental regulations. If Buyer determines, prior to the date of Closing, that use of the Property for its Intended Use will violate any such private restrictions or governmental regulations, then Buyer may terminate the

Page 2 of 5
Buyer Initials _____    Seller Initials _M.B._    _V.B._

Agreement by written notice and receive a return of the Earnest Money, and neither party shall then have any further obligations in connection with this Agreement.

(c) Same Condition: If the Property is not in substantially the same condition as of the date of this Offer, reasonable wear and tear excepted, then the Buyer may terminate the Agreement.

(d) Inspections: Buyer, its agents or representatives, at Buyer's expense and at reasonable times during normal business hours, shall have the right to enter upon the Property for the purpose of inspecting, examining, performing soil boring and other testing, conducting timber cruises, and surveying the Property. Buyer shall also have a right to review and inspect all leases, contracts or other agreements affecting or related directly to the Property and shall be entitled to review such books and records of Seller as they relate directly to the operation and maintenance of the Property. Buyer assumes all responsibility for the acts of itself, its agents or representatives in exercising its rights under this Paragraph and agrees to indemnify and hold Seller harmless from any damages resulting therefrom. Except as provided in Section 6(c) above, Buyer shall have from the date of acceptance through the end of the Examination Period to perform the above inspections, examinations and testing to determine if the Property is suitable for the Intended Use. If, prior to the expiration of the Examination Period, Buyer determines that the Property is unsuitable in Buyer's sole discretion, and provides written notice to Seller thereof, then this Agreement shall terminate.

(e) Bankruptcy Court Approval: The Parties hereby acknowledge that this Sale and Agreement Contract are subject to approval from the United States Bankruptcy Court in case number 11-40473, and Seller shall procure such approval, at Seller's own expense, prior to the end of the inspection period.

**Section 7. Environmental**: Seller represents and warrants that it has no actual knowledge of the presence or disposal within the buildings or on the Property of hazardous or toxic waste or substances, which are defined as those substances, materials, and wastes, including but not limited to, those substances, materials and wastes listed in the United States Department of Transportation Hazardous Materials Table (49 CFR 172.101) or by the Environmental Protection Agency as hazardous substances (40 CFR Part 302) and amendments thereto, or such substances, materials and wastes, which are or become regulated under any applicable local, state or federal law, including, without limitation, any material, waste or substance which is (i) petroleum, (ii) asbestos, (iii) polychlorinated biphenyls, (iv) designated as a Hazardous Substance pursuant to Section 331 of the Clean Water Act, 33 U.S.C. Sec. 1251, et. seq. (33 U.S.C. 1321) or listed pursuant to Section 307 of the Clean Water Act (33 U.S.C. Sec. 1371) (v) defined as a hazardous waste pursuant to Section 1004 of the Resource Conservation and Recovery Act, 42 U.S.C. Sec. 6901, et. seq. (42 U.S.C. Sec. 6903) or (vi) defined as a hazardous substance pursuant to Section 101 of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. Sec. 9601, et. seq. (42 U.S.C. 9601). Seller further states that it has no actual knowledge of any contamination of the property from such substances as may have been disposed of or stored on neighboring tracts, and it has no reason to suspect that such use or disposal has occurred, either during or prior to its ownership of the Property.

Page 3 of 5
Buyer Initials _____     Seller Initials _M.B._   _V. B._

**Section 8. Risk of Loss/Damage/Repair:** Until the Closing, the risk of loss or damage to the Property, except as otherwise provided herein, shall be borne by Seller. In the event the Property is damaged so that the Property cannot be conveyed in substantially the same condition as it was prior to Closing, Buyer may elect to terminate this Agreement, and the Earnest Money (if any) shall be returned to the Buyer. Except as to maintaining the Property in its same condition, Seller shall have no responsibility for the repair of the Property, including any improvements, unless the parties hereto agree in writing.

**Section 9. Earnest Money Disbursement:** In the event this offer is not accepted, or in the event that any of the conditions hereto are not satisfied, or in the event of a breach of this Agreement by Seller, then the Earnest Money shall be returned to Buyer, but such return shall not affect any other remedies available to Buyer for such breach. In the event this offer is accepted and Buyer breaches this Agreement, then the Earnest Money shall be forfeited, but such forfeiture shall not affect any other remedies available to Seller for such breach. NOTE: In the event of a dispute between Seller and Buyer over the return or forfeiture of Earnest Money held in escrow by a licensed real estate broker, the broker is required by state law to retain said Earnest Money in its trust or escrow account until it has obtained a written release from the parties consenting to its disposition or until disbursement is ordered by a court of competent jurisdiction.

**Section 10. Closing:** The Closing shall consist of the execution and delivery by Seller to Buyer of a General Warranty Deed and other documents customarily executed by a seller in similar transactions, including without limitation, an owner's affidavit, lien waiver forms and a non-foreign affidavit and the payment by Buyer to Seller of the Purchase Price in accordance with the terms of the Purchase Price. At Closing, the Earnest Money shall be applied as part of the Purchase Price or as otherwise provided in Section l(b)(i). The Closing shall be held at the office of attorney John V. Schweppe, Jr. in Shelby, North Carolina. Possession shall be delivered at closing, unless otherwise agreed herein.

**Section 10A. Current Lease Agreement.** Buyer and Seller currently have an outstanding Lease Agreement for the subject property and for 3 other similar properties owned by the Sellers. The Parties agree that at the closing they shall amend and modify the current Lease Agreement to continue the same for the remaining term for the balance of the lease, which expires June 30, 2016, but with a reduced monthly lease payment of $4,000.00. The Parties further agree that this lease amendment is also subject to the approval of the Bankruptcy Court as provided for herein with respect to this Offer to Purchase. The Parties further Agree that the Sellers will file a Notice with the Bankruptcy Court that the prior Order approving the Agreement to sell all four of the convenient stores to the Buyer herein has been rescinded by the Parties due to environmental problems at the property referred to as Store #4, which property is located at 5737 Fallston Rd., Fallston, Cleveland County, North Carolina.

**Section 11. Notices:** Unless otherwise provided herein, all notices and other communications which may be or are required to be given or made by any party to the other in connection herewith shall be in writing and shall be deemed to have been properly given and received on the date delivered in person or deposited in the United States mail, registered or certified, return receipt requested, to the addresses set out in Section (f) as to Seller and in Section l(g) as to Buyer, or at such other addresses as specified by written notice delivered in accordance herewith.

**Section 12. Entire Agreement:** This agreement constitutes the sole and entire agreement among the parties hereto and no modification of this Agreement shall be binding unless in writing and signed by all parties hereto.

Page 4 of 5
Buyer Initials _____        Seller Initials _A.B._   _V.B._

**Section 13. Adverse Information and Compliance with Laws:**

(a) Seller Knowledge: Seller has no knowledge of (i) condemnation(s) affecting or contemplated with respect to the Property; (ii) actions, suits or proceedings pending or threatened against the Property; (iii) changes contemplated in any applicable laws, ordinances or restrictions affecting the Property; or (iv) governmental special assessments, either pending or, confirmed, for sidewalk, paving, water, sewer, or other improvements on or adjoining the Property, and no owners' association special assessments, except as follows: NONE.

(Insert "None" or the identification of such assessments, if any). Seller shall pay all confirmed owners' association assessments and all confirmed governmental assessments, if any, and Buyer shall take title subject to all pending assessments, if any, unless otherwise agreed as follows: NONE

(b) Compliance: To the best of Seller's knowledge and belief, (i) Seller has complied with all applicable laws, ordinances, regulations, statutes, rules and restrictions pertaining to or affecting the Property; (ii) performance of the Agreement will not result in the breach of, constitute any default under or result in the imposition of any lien or encumbrance upon the Property under any agreement or other instrument to which Seller is a party or by which Seller or the Property is bound; and (iii) there are no legal actions, suits or other legal or administrative proceedings pending or threatened against the Property, and Seller is not aware of any facts which might result in any such action, suit or other proceeding.

**Section 14. Survival of Representations and Warranties:** All representations, warranties, covenants and agreements made by the parties hereto shall survive the Closing and delivery of the deed. Seller shall, at or within six (6) months after the Closing, and without further consideration, execute, acknowledge and deliver to Buyer such other documents and instruments, and take such other action as Buyer may reasonably request or as may be necessary to more effectively transfer to Buyer the Property described herein in accordance with this Agreement.

**Section 15. Applicable Law:** This Agreement shall be construed under the laws of the state in which the Property is located.

**Section 16. Tax-Deferred Exchange:** In the event Buyer or Seller desires to effect a tax-deferred exchange in connection with the conveyance of the Property, Buyer and Seller agree to cooperate in effecting such exchange, provided however that the exchanging party shall be responsible for all additional costs associated with such exchange, and provided further that a non-exchanging party shall not assume any additional liability with respect to such tax-deferred exchange. Seller and Buyer shall execute such additional documents, at no cost to the non-exchanging party, as shall be required to give effect to this provision.

BUYER: Italia & Shah Real Estate Holding, LLC                SELLER:

By: *H. Italis* (SEAL)                        *Andrew Max Boggs Jr.* (SEAL)
                                              Andrew Max Boggs, Jr.
Name: Haresh Italis                           *Virginia Ann Boggs* (SEAL)
Title: President                              Virginia Ann Boggs
Date: 03-09-2015                              Date: 3-9-15

And By:

Name: Shah V.C.
Title: Vice President
Date: 3-9-15

Page 5 of 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION**

IN THE MATTER OF:

| | | |
|---|---|---|
| NAME: | BOGGS, JR. ANDREW MAX<br>BOGGS, VIRGINIA ANN | CHAPTER 12 NO. 11-40473 |
| | | OUR FILE NO.  13181 |
| ADDRESS: | P. O. BOX 11<br>FALLSTON, NC 28042 | |
| SSN: | --- -- 8665 & --- -- 9487 | |
| | DEBTOR(S). | |

_____

**NOTICE OF MOTION FOR AUTHORITY TO SELL COMMERCIAL PROPERTY AND
NOTICE OF HEARING**

 **PLEASE BE ADVISED** that the above-named Debtors have filed papers with the United States Bankruptcy Court for the Western District of North Carolina for approval of an Agreement for Purchase and Sale of Real Property with Italia & Shah, LLC to purchase a convenience store owned by the Debtors and Norris and Sarah Boggs as partners in the former A.M. Boggs and Sons Partnership.  The store is identified as Store #1 located at 4904 Fallston Road, Fallston, NC.  The said offer is in the sum of $365,000.00.  The Debtors propose that their net share of the sale proceeds, after payment in full to Bank of the Ozarks, all outstanding ad valorem taxes, and applicable closing costs be paid to the Chapter 12 Trustee to disburse to Bank of the Ozarks toward claims against the Bankruptcy Estate.  The net share for the Estate of Norris Boggs will be paid directly to Bank of the Ozarks to be applied against claims that the Bank has against said Estate which were guaranteed by the decedent and his spouse.

 <u>**YOUR RIGHTS MAY BE AFFECTED**</u>.  **YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

 **A hearing will be held on Friday, April 24, 2015 at 9:30 a.m.** in Courtroom Number 5 at the Cleveland County Courthouse and Law Enforcement Center, 100 Justice Place, Shelby, North Carolina.

 No further notice of this hearing will be given.

This the 19th day of March, 2015.

_____
O. Max Gardner III
MaxGardnerLaw, PLLC
Attorney for the Debtors
NC State Bar #6164
P.O. Box 1000
Shelby, NC 28151-1000
(704) 487-0616/FAX (888) 870-1647
maxgardner@maxgardner.com

**CERTIFICATE OF SERVICE**

Casey J. Hopper, Legal Assistant, hereby certifies to the Court as follows:
1. I am not a party for the foregoing proceeding;
2. I am not less than 18 years of age;
3. I have this day served a copy of the foregoing **MOTION FOR AUTHORITY TO SELL COMMERCIAL PROPERTY AND NOTICE OF HEARING** on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Andrew Max Boggs, Jr.
Virginia Ann Boggs
P O Box 11
Fallston, NC 28042

Harry Italia
Virendra Shah
Italia & Shah, LLC
2918 Laura Rd.
Shelby, NC 28150

Harry Italia
Italia& Shah Real Estate Holding, LLC,
920 Fallston Rd.,
Shelby, NC 28150

Schweppe Law Firm, PA
211 East Warren St.
Shelby, NC 28150-1269

Gary Andrew Boggs
P O Box 25
Fallston NC 28042

Christina F. Ackerman, Associate General Counsel
Office of General Counsel
Bank of the Ozarks
19811 W. Catawba Ave
Cornelius, NC 28031

John C. Markey II
McMillan & Psaroudis, PA
6101 Carnegie Blvd., Suite 310
Charlotte NC 28209

**And via the Court's Electronic Case Filing System to:**

Langdon M. Cooper
Mullen Holland & Cooper P.A.
Attorneys for Bank of the Ozarks
P. O. Box 488
Gastonia, NC 28053-0488

Steven G. Tate, Chapter 12 Trustee

212 Cooper St.
Statesville, NC 28677

Linda Simpson, Bankruptcy Administrator
402 W. Trade St., Room 200
Charlotte, NC 28202-1664

      4.      I have also served copies of the **MOTION AND NOTICE** on all creditors listed on the master mailing matrix, a copy of which is attached hereto, in the same manner and method as described in paragraph number 3 above;

      5.      To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;

      6.      Service as outlined herein was made within the United States of America.

This the _____ day of March, 2015.

/S/ Casey J. Hopper
Casey J. Hopper, Legal Assistant
MaxGardnerLaw, PLLC
P.O. Box 1000
Shelby, NC 28151-1000
PH (704) 487-0616

MATRIX ATTACHED HERETO

```
Label Matrix for local noticing          Branch Banking & Trust Company (BB&T)    Carolina Farm Credit, ACA
0419-4                                    Attn: Marlot Perry                      c/o Daniel C. Bruton
Case 11-40473                             P.O. Box 1847                           Bell, Davis & Pitt, P.A.
Western District of North Carolina        Wilson, NC 27894-1847                   P.O. Box 21029
Shelby                                                                            Winston-Salem, NC 27120-1029
Tue Dec 30 16:09:10 EST 2014

Joyce and Ralph Elliott and Elliott/Dixon Au   Roanoke Valley Savings Bank SSB    Shelby Division
                                               c/o Kimberly A Sheek                401 West Trade Street
                                               10130 Perimeter Parkway             Charlotte, NC 28202-1633
                                               Suite 400
                                               Charlotte, NC 28216-0034

A. M. Boggs & Sons                        Amelia Gaither                          Andrew Gaither
P O Box 660                               c/o Dean Proctor                        c/o Dean Proctor
Fallston, NC 28042-0660                   PO Box 3404                             PO Box 3404
                                          Hickory, NC 28603-3404                  Hickory, NC 28603-3404

(p)BB AND T                               Bank Of America                         Bill Marsh
PO BOX 1847                               World Points-                           703 Parkwood Road
WILSON NC 27894-1847                      P O Box 15019                           Shelby, NC 28150-5532
                                          Wilmington, DE  19886-5019

Bob Deviney                               Bob Melton                              Boggs & Dunlow, LLC
854 Golden Valley Rd.                     125 Melton Drive                        C/O Michael Dunlow
Casar, NC 28020-8746                      Shelby, NC 28152-8790                   P O Box 368
                                                                                  Weldon, NC 27890-0368

Boggs, Melton & Deviney Partnership       Brenda Proctor                          Brian Miller, Esq.
Bob Melton                                c/o Dean Proctor                        The Miller Law Firm, PA
125 Melton Drive                          PO Box 3404                             33 Market Point Dr.
Shelby, NC 28152-8790                     Hickory, NC 28603-3404                  Greenville, SC 29607-5768

(p)CAROLINA FARM CREDIT                   Carolina Farm Credit, ACA               Carolina Trust Bank, Lincolnton
P O BOX 1827                              Attn:  R. Kent Whitaker                 P O Box 308
STATESVILLE NC 28687-1827                 PO Box 1827                             Lincolnton, NC  28093-0308
                                          Statesville, NC 28687-1827

Catawba County Tax Collector              Challenger III Par Golf, Inc.           Cherokee County Tax Office
P O Box 368                               Challenger III Golf                     125 E. Floyd Baker Blvd.
Newton, NC  28658-0368                    P O Box 292                             Gaffney, SC 29340-3170
                                          Fallston, NC 28042-0292

Cleveland County Tax Collector            Daniel C. Bruton                        Dr. Miles Gregory
PO Box 370                                Bell, Davis & Pitt, P.A.                631 Arbutus Drive
Shelby, NC 28151-0370                     PO Box 21029                            Roanoke Rapids, NC 27870-2207
                                          Winston-Salem, NC 27120-1029

Dutro E. Campbell, II                     East Side Properties                    Elizabeth Gaither
Husch Blackwell, LLP                      PO Box 137                              c/o Dean Proctor
190 Carondelet Plaza, Suite 600           Terrell, NC 28682-0137                  PO Box 3404
St. Louis, MO 63105-3433                                                          Hickory, NC 28603-3404
```

| | | |
|---|---|---|
| Equifax Information Services<br>P O Box 740256<br>Atlanta, GA 30374-0256 | Erica Koetting, Esq.<br>O'Loughlin, O'Loughlin & Koett<br>1736 N. Kingshighway<br>Cape Girardeau, MO 63701-2190 | Experian<br>P O Box 2002<br>Allen, TX 75013-2002 |
| FIA Card Services, N.A. as successor to<br>Bank of America, N.A. (USA)<br>and MBNA America Bank, N.A.<br>PO Box 15102<br>Wilmington, DE 19886-5102 | Fidelity Bank<br>331 South Lafayette St.<br>Shelby, NC 28150-2321 | (p)FIFTH THIRD BANK<br>MD# ROPS05 BANKRUPTCY DEPT<br>1850 EAST PARIS SE<br>GRAND RAPIDS MI 49546-6253 |
| Fifth third Bank<br>P.O. Box 829009<br>Dallas, TX 75382-9009 | (p)FIRST NATIONAL BANK OF SHELBY<br>PO BOX 168<br>SHELBY NC 28151-0168 | GE Money Bank<br>Bankruptcy Dept.<br>P O Box 103104<br>Roswell, GA 30076-9104 |
| GE Money Bank<br>P O Box 965022<br>Orlando, FL 32896-5022 | Gary Boggs<br>PO Box 25<br>Fallston, NC 28042-0025 | Gary Vincent<br>Husch Blackwell, LLP<br>190 Carondelet Plaza, Ste 600<br>St. Louis, MO 63105-3433 |
| Halifax County Tax Collector<br>Post Office Box 68<br>Halifax, NC 27839-0068 | Halifax County Tax Office<br>Court Services Bldg<br>357 Ferrell Lane<br>Halifax, NC 27839 | Hickory Entertainment, Inc.<br>P O Box 3404<br>Hickory, NC 28603-3404 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>P.O. Box 7317<br>Philadelphia, PA 19101-7317 | Jack Spangler<br>200 Lutz Road<br>Lawndale, NC 28090-9444 |
| Jack Williams<br>P O Box 137<br>Terrell, NC 28682-0137 | James G. Woodward, Clerk Of Court<br>US District Court Eastern District Of MO<br>111 S. 10th St., Suite 3.300<br>St. Louis, MO 63102-1123 | James O. Deviney<br>565 John Queen Road<br>Casar, NC 28020-9619 |
| Joe Spangler<br>4428 Fallston Road<br>Lawndale, NC 28090 | Kent M. Bloodworth, Esq.<br>Husch Blackwell, Esq.<br>190 Carondelet Plaza, Suite 600<br>St. Louis, MO 63105-3433 | Langdon M. Cooper<br>PO Box 488<br>Gastonia, NC 28053-0488 |
| Matthew R. Grant, Esq.<br>Husch Blackwell, LLP<br>190 Carondelet Plaza, Suite 250<br>St. Louis, MO 63105-3433 | Max Deviney<br>2181 Jonestown Rd.<br>Casar, NC 28020-9603 | Michael Dunlow<br>332 Chloe Woods Trail<br>Roanoke Rapids, NC 27870-9018 |
| Michael Dunlow<br>P O Box 368<br>Weldon, NC 27890-0368 | Michael Joe Spangler<br>P O Box 73<br>Fallston, NC 28042-0073 | Monsanto Company<br>800 N. Lindberg Blvd.<br>St. Louis, MO 63167-0001 |

| | | |
|---|---|---|
| Monsanto Company - Monsanto Technology LLC<br>Gary L. Vincent, Esq.<br>Husch Blackwell, LLP<br>190 Carondelet Plaza, Suite 600<br>St. Louis, MO 63105-3433 | Monsanto Technology, Inc.<br>800 N. Lindberg Blvd.<br>St. Louis, MO 63167-1000 | Moore County Tax Department<br>P O Box 457<br>Carthage, NC 28327-0457 |
| NC Department Of Revenue<br>P O Box 25000<br>Raleigh, NC 27640-0002 | Norris Boggs<br>Sarah Boggs<br>P O Box 35<br>Fallston, NC 28042-0035 | Norris Boggs<br>P O Box 35<br>Fallston, NC 28042-0035 |
| North Carolina Department of Revenue<br>Bankruptcy Unit<br>P.O. Box 1168<br>Raleigh, NC 27602-1168 | Patricia Mintz Crawford<br>153 Dunes Drive<br>Kings Mountain, NC 28086-9400 | Peoples Bank<br>P O Box 467<br>Newton, NC 28658-0467 |
| Premier Land, LLC<br>C/O Michael Dunlow<br>P O Box 368<br>Weldon, NC 27890-0368 | Prime Rate Premium Finance Corp., Inc.<br>P O Box 100507<br>Florence, SC 29502-0507 | Richard Andrew Boggs<br>Mary Martin Boggs<br>P O Box 473<br>Fallston, NC 28042-0473 |
| Roanoke Valley Savings Bank SSB<br>PO Box 880<br>Roanoke Rapids, NC 27870-0880 | Rutherford County Tax Collector<br>P O Box 143<br>Rutherfordton, NC 28139-0143 | Seth L. Hudson, Esq.<br>Clements Bernard, PLLC<br>1901 Roxborough Rd., Suite 250<br>Charlotte, NC 28211-5588 |
| Southeastern Protein, Inc.<br>C/O Michael Dunlow<br>P O Box 368<br>Weldon, NC 27890-0368 | TRSTE, Inc.<br>301 S. Tryon St.<br>Charlotte, NC 28282-1915 | TransUnion<br>P O Box 2000<br>Chester, PA 19016-2000 |
| Wachovia Bank, NA<br>301 S. Tryon St.<br>Charlotte, NC 28282-1915 | Wachovia Bank, NA<br>Commercial Loan Operations NC 6039<br>P O Box 2705<br>Winston-Salem, NC 27102-2705 | Watauga County Tax Administration<br>842 W. King St. Suite 21<br>Boone, NC 28607-3485 |
| Z Pellet Enterprises, Inc.<br>203 Rollingwood Road<br>Roanoke Rapids, NC 27870-3233 | Z Pellet Enterprises, Inc.<br>C/O Michael Dunlow<br>P O Box 368<br>Weldon, NC 27890-0368 | Andrew Max Boggs Jr.<br>P O Box 11<br>Fallston, NC 28042-0011 |
| O. Max Gardner III<br>P. O. Box 1000<br>Shelby, NC 28151-1000 | Steven G. Tate<br>212 Cooper Street<br>Statesville, NC 28677-5856 | Virginia Ann Boggs<br>P O Box 11<br>Fallston, NC 28042-0011 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
BB&T                                    (d)Branch Banking & Trust Company    Carolina Farm Credit
Bankruptcy Section                      Operations Center                    P O Box 1970
PO Box 1847                             P O Box 819                          Shelby, NC  28150
Wilson, NC 27894                        Wilson, NC  27894-0819


Fifth Third Bank                        First National Bank Of Shelby        IRS
P O Box 740778                          P O Box 168                          P O Box 21126
Cincinnati, OH  45263                   Shelby, NC  28151                    Philadelphia, PA  19114
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Bank of the Ozarks                   (u)Benjamin T. Smith and CBC-Dominion Real Es    (u)First National Bank Of Shelby


(u)Monsanto Technology, LLC and Monsanto Comp    (d)Joe Spangler                         (d)Roanoke Valley Savings Bank, SSB
                                                 4428 Fallston Road                       P O Box 880
                                                 Lawndale, NC 28090                       Roanoke Rapids, NC 27870-0880


(u)Danny Clay & Associates                       (d)Joe Spangler                         (u)Joreka Spangler
                                                 4428 Fallston Road
                                                 Lawndale, NC 28090


End of Label Matrix
Mailable recipients    86
Bypassed recipients     9
Total                  95
```